| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

DELORES GALLOP-LAVERPOOL,

          Plaintiff,

  - versus -

1199 SEIU UNITED HEALTHCARE
WORKERS EAST,

          Defendant.

MEMORANDUM & ORDER
14-CV-2879 (JG)

JOHN GLEESON, United States District Judge:

  *Pro se* plaintiff Delores Gallop-Laverpool brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") based upon allegedly discriminatory treatment by her labor union, Local 1199 SEIU United Healthcare Workers East (the "Union"). Gallop-Laverpool's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, Gallop-Laverpool is directed to file an amended complaint within 30 days or the case will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND

  Gallop-Laverpool claims that the Union failed to provide "efficient, competent, knowledgeable representation," following the termination of her employment with Brooklyn Queens Nursing Home ("BQNH"). Compl. 4, ECF No. 1. Among other things, she alleges that her union organizer and representative, Mitchell Jones, failed to file a grievance on her behalf and that he did not advise her to contact the union attorney for assistance after she was

terminated. *Id.* Gallop-Laverpool, who was 59 years old when she filed the complaint, asserts that she was denied proper representation by the Union because of her age. *Id.*

Gallop-Laverpool filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on April 3, 2012, and another with the New York State Division of Human Rights or the New York City Commission of Human Rights on May 3, 2012. *Id.* at 4. The EEOC issued a right-to-sue letter on October 22, 2013. Annex to Compl., ECF No. 1. Gallop-Laverpool filed the instant complaint on May 6, 2014.

## DISCUSSION

A. *Legal Standards*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and I am required to read Gallop-Laverpool's complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008). At the pleadings stage of the proceeding, a court must assume the truth of "all nonconclusory factual allegations" contained in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citations omitted). As the *Iqbal* court explained, the plausibility standard

"does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

B. *Analysis*

Discrimination by unions is prohibited by Title VII, which makes it "an unlawful employment practice for a labor organization (1) to exclude or to expel from its membership, or otherwise discriminate against, any individual because of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(c). Under the ADEA, unions may not discriminate against any individual because of their age. 29 U.S.C. § 623(c)(1). To establish a Title VII or ADEA claim against a union a plaintiff must show that the union breached its duty of fair representation to the employee, and that the union's actions were motivated by unlawful discrimination or retaliation. *Jiggetts v. Allied Int'l Union*, No. 07-CV-11572, 2010 WL 2158331, at *3 (S.D.N.Y. Mar. 17, 2010) (Title VII); *Oparji v. United Fed'n. of Teachers*, 418 F. Supp. 2d 139, 147 (E.D.N.Y. 2006) (Title VII); *Parker v. Metro. Transp. Auth.*, 97 F. Supp. 2d 437, 448 (S.D.N.Y. 2000) (ADEA).

Here, Gallop-Laverpool fails to plead facts that raise a plausible inference that the Union violated either Title VII or the ADEA. Turning first to her Title VII claim, although the complaint indicates that she is bringing a claim for a Title VII violation, when directed by the *pro se* discrimination form-complaint to provide a basis for the alleged discrimination she failed to check any of the boxes or provide any factual allegations whatsoever. *See* Compl 3, ECF No. 1 (containing unchecked boxes indicating, *inter alia*, race, gender/sex, national origin, color, as possible bases for discrimination). Accordingly, if Gallop-Laverpool intends to pursue a Title VII claim she is instructed to provide in her amended complaint factual allegations regarding

3

why she believes she was discriminated against by the Union on the basis of her race, gender, religion, national origin, or color.

In support of her ADEA age discrimination claim, Gallop-Laverpool alleges that she is a member of the protected age group but does not plead any facts to support an inference that the Union discriminated against her because of her age. *See Bermudez v. City of New York*, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011) (dismissing discrimination claim based solely on "the recitation of a false syllogism: (1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)."). At a minimum, an ADEA claimant must inform the Court and the defendant why the plaintiff believes age discrimination existed. *See Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985) ("While a claim made under the ADEA need not contain every supporting detail, it must at least inform the court and the defendant generally of the reasons the plaintiff believes age discrimination has been practiced.").

Furthermore, in light of the right-to-sue letter that Gallop-Laverpool annexed to her complaint, her lawsuit appears to be untimely. To be timely, a Title VII or ADEA claim must be filed within 90 days of the claimant's receipt of a right-to-sue letter. *Francis v. Elmsford Sch. Dist.*, 442 F.3d 123, 126 (2d Cir. 2006); *see also* 29 U.S.C. § 626(e) ("A civil action may be brought . . . against the respondent named in the charge within 90 days after the date of the receipt of such notice."); *Hodge v. N.Y. Coll. of Podiatric Med.*, 157 F.3d 164, 166 (2d Cir. 1998) ("ADEA plaintiffs may file suit in court at any time from 60 days after filing the EEOC charge until 90 days after the plaintiff receives notice from the EEOC that the EEOC proceedings are terminated."). The 90-day period begins to run when the plaintiff receives a right-to-sue letter and a presumption exists that an EEOC notice is received three days after it is mailed. *Tiberio v.*

4

*Allergy Asthma Immunology of Rochester,* 664 F.3d 35, 37 (2d Cir. 2011). Here, the right-to-sue letter is dated October 22, 2013, and Gallop-Laverpool is thus presumed to have received it on October 25, 2013. Therefore, in order to be timely, Gallop-Laverpool's complaint should have been filed on or before January 13, 2014, but, as noted above, it was not filed until May 6, 2014.

CONCLUSSION

In light of Gallop-Laverpool's *pro se* status, this Court will grant her 30 days to replead her discrimination claims against the Union to correct the deficiencies noted above. If available, Gallop-Laverpool should include a copy of the charge of discrimination that she filed with the state or local employment agency that investigated her allegations or a copy of the charge that she filed with the EEOC. The amended complaint must contain a short, plain statement of facts sufficient to support a plausible claim that the Union breached its duty of fair representation to her, and that support an inference that the Union's actions were motivated by unlawful discrimination. Finally, since it appears that Gallop-Laverpool failed to file the instant complaint within 90 days of her receipt of the right-to-sue letter, she must include any facts that support equitable tolling of the limitations period, that is, facts that, in fairness, excuse her failure to file her lawsuit on a timely basis.

No summons shall issue at this time and all further proceedings shall be stayed until Gallop-Laverpool has complied with this Order. If Gallop-Laverpool fails to file an amended complaint within 30 days, the instant action shall be dismissed and judgment shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
August 8, 2014